```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE WALKER,                  :
                                 :
        Plaintiff,               :     No. 4:CV-05-1935
                                 :
        vs.                      :     Complaint Filed 09/26/05
                                 :
CAPTAIN GARP HILER, et al.,      :     (Judge Muir)
                                 :
        Defendants,              :     (Magistrate Judge Blewitt)
```

ORDER

October 25, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 26, 2005, plaintiff Maurice Walker initiated this action by filing 1) a civil rights complaint against six defendants, and 2) an application to proceed *in forma pauperis*. When he filed the complaint Walker was an inmate at the State Correctional Institution in Somerset, Pennsylvania.  The claims in the complaint stem from events which had occurred while Walker had been housed at the State Correctional Institution at Laurel Highlands, Pennsylvania.  All of the Defendants are corrections officers at that institution.

The Clerk of Court assigned this case to us and referred it to Magistrate Judge Thomas M. Blewitt for preliminary consideration.  On September 27, 2005, the Magistrate Judge issued a report recommending that the action be transferred to the United States District Court for the Western District of Pennsylvania because the claims arose in that district and all of

the defendants are located in that district.  The Magistrate Judge further recommends that the decision on Walker's application to proceed *in forma pauperis* be made by the transferee court.

The time allowed for the parties to file objections to the Report and recommendation expired on October 17, 2005, and to this date no objections have been filed.  When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas v. Arn, 474 U.S. 145, 151-52 (1985).

Sub-part (a) of Title 28 U.S.C. § 1404, entitled "Change of venue," provides in its entirety that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a).  This action could have been brought in the United States District Court for the Western District of Pennsylvania.

In evaluating whether an action should be transferred pursuant to 28 U.S.C. § 1404(a), we are to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

Commentators describe the relevant factors as addressing a

"private interest" or a "public interest." Private interests include the plaintiff's forum preference, the defendant's forum preference, where the claim arose, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of evidence. Id.

The public interests to be considered include enforceability of the judgment, "practical considerations that could make trial easy, expeditious, or inexpensive," the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in a diversity case." Id.

The only reason that Walker was able to file his complaint in this court is that his place of confinement was in this judicial district. We agree with Magistrate Judge Blewitt's conclusion that the vast majority of the relevant factors weigh in favor of transferring this case to the United States District Court for the Western District of Pennsylvania.

We will adopt Magistrate Judge Blewitt's Report and

Recommendation as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Document 6) is adopted *in toto*.

2. This case is hereby transferred to the United States District Court for the Western District of Pennsylvania.

3. The disposition of Walker's application to proceed *in forma pauperis* is reserved for that court.

s/Malcolm Muir<br>
MUIR, U.S. District Judge

MM:ga